UNITED STATES' COURT OF APPEALS
FOR THE FOURTH CIRCUIT

CASE NUMBER: 12-1687

LOWER COURT'S #: 2:12-cv-00170-RBS-TEM

CHUKWUMA E AZUBUKO
**Plaintiff-Appellant**

V

RUPERT MURDOCH & NEWS AMERICA &

UNITED STATES OF AMERICA
**Defendants-Appellee**

RECEIVED
2012 JUN -5 AM 9:54
U.S. COURT OF APPEALS
FOURTH CIRCUIT

1       JURISDICTION (FOR APPELLANTS/PETITIONERS ONLY)

A       The review was sought from the strange jurisprudence of the United States' District Court – Eastern District of Virginia – Norfolk Division.

B       DATE(S) OF ORDER OR ORDER FOR WHICH REVIEW IS SOUGHT"

The date was May 09th – 2012.

2       TIMELINESS OF NOTICE OF APPEAL OR PRETITION FOR REVIEW (FOR PRISONERS ONLY)

Not applicable.

3       ISSUES FOR REVIEW

These would be the succinct bases for the head.

**ISSUE 1       ACTUAL MALICE**

The sub-head was synonymous with act of spite. The first Appellee published a defamatory statement of and about the Appellant on October 3rd – 1991 without a name in The Boston Herald.

**SUPPORTING FACTS AND ARGUMENT**

Given the governance of Massachusetts' law, it behooved an Appellant in a defamation action to establish falsity. The first Appellee's publication underscored that. Despite the unwise publication about the Appellant's despicable intelligence quotient or desideratum academic ability, the Appellant went on to earn master degree in education with certification in business administration (7-12) and social studies (9-12) and law degree with grade point averages greater than three. Central to prodigalities of God's love and besides racism at schools and in the judiciary in some quarters, the Appellant would have been a full-fledge attorney today – 2003 - upon completion of his master degree in law with concentration on commercial law. By and large, the first Appellee for inexplicable reason/s arrogated publication, which

epitomized scientific evaluation of the Appellant's intelligence quotient to herself unprofessionally, insidiously and invidiously. In all modesty, the panoramic Appellant's education achievements after the public underscored that the Appellee should not recourse to truth as an affirmative defense. [*McAvoy v. Shufrin*, 401 Mass. 593, 597 (1988); *Maloof v. Post Publishing Co.*, 306 Mass. 279, 280 (1940). The Appellant was a private person and no burden of persuasion existed for the first Appellee. Again, the publication as the Appellant had scientifically proven, had the desideratum of truth. [*Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 769 (1986) (where the Supreme Court held that a private plaintiff suing a newspaper for libel on a matter of public concern bears the burden of proving the falsity of the libelous statement)]

ISSUE 2     DEFINITION OF PUBLICATION
SUPPORTING FACTS AND ARGUMENT

The existence of the statement or publication was irrefutable. The communications were not only made to the Appellant. Even Jay Leno Night Show of NBC lampooned the Appellant too, owing to the publication. The Appellant legal redress was not unprecedented! [*Jones v. Taibbi*, 400 Mass. 786, 792 (1987); *Brauer v. Globe Newspaper Co.* 351 Mass. 53, 56 (1966)

ISSUE 3     DEFINITION OF DEFAMATORY
SUPPORTING FACTS AND ARGUMENT

On that, the Appellant would not particularize – an excerpt would suffice – thus:

"the act of defaming; false or unjustified injury of the good reputation of another, as by slander or libel; calumny: *She sued the magazine for defamation of character.*"

Another read thus:

"A statement is defamatory if you find that it tends to hold the plaintiff up to scorn, hatred, ridicule, or contempt, in the minds of any considerable and respectable segment of the community. In making this determination the statement must be interpreted in light of the circumstances in which it was made and the natural sense meaning that the statement generally conveys. Strained and unnatural interpretations of statements do not make a statement defamatory." [*Stone v. Essex County Newspapers, Inc.*, 367 Mass. 849, 583 (1975); *Lynch v. Lyons*, 303 Mass. 116, 119 (1939); *Tobin v. Boston Herald-Traveler Corp.*, 234 Mass. 478, 488 (1949); *Lyman v. New England Newspaper Publishing Co.*, 286 Mass. 258, 260 (1934)]

More, another excerpt went thus:

"A person is actionably defamed when he is exposed to public hatred, ridicule or contempt to a considerable and respectable class in the community." Tort Law, Ch. 7 Defamation, at Section 118, Vol. 37, Massachusetts Practice – the precise formulation used in paragraph 9 of the instant counterclaim. [*Nathan Friedman et al v. Boston Broadcasters, Inc.*, 402 Mass. 376 (1988); *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974); *New York Times Company v. Sullivan*, 376 U.S. 254 (1964); *Curtis Publishing company v. Butts*, 388 U.S. 130 (1967)]

ISSUE 4        "OF AND CONCERNING" THE PLAINTIFF

SUPPORTING FACTS AND ARGUMENT

On that, the excerpt would be sufficient rather adequate, thus:

"The plaintiff must show that the defendant's statements were of and concerning him. The Plaintiff need not be referred to by name in the statement, in order to prove that the statements were about him. He may show that the statement was of and concerning him by proving either 1) the defendant intended his words to refer to the plaintiff and that they were so understood or 2) the defendant's words could reasonably be interpreted to refer to the plaintiff and the defendant was at least negligent in publishing the words in a way which reasonably could have been interpreted to refer to the plaintiff." [*Eyal v. Helen Broadcasting Corp.*, 411 Mass. 426 430 (1991); New *England Tractor Trailer Training of Connecticut, Inc. v. Globe Newspaper Co.*, 395 Mass. 471, 479-480 (1985); Sharratt *v. Housing Innovation, Inc.*, 365 Mass. 141, 145-146 (1974)]

ISSUE 5        PROOF OF MALICE

SUPPORTING FACTS AND ARGUMENT

Its relevant excerpt read thus:

"Proof malice must be clear and convincing evidence, under *New York Times v. Sullivan*, 376 U.S. at 286-286 and *Gertz v. Robert Welch, Inc., supra* 418 U.S. at 342 (1974)."

ISSUE 6        "*STARE DECISIS* IN CONSTITUTIONAL LAW"

SUPPORTING FACTS AND ARGUMENT

The lower Court approached the adjudication devoid of "Prudential consideration," "Exclusion of extra-constitutional tests," "Presumption of constitutionality" amongst others. The Court's precedent contradicted the lower court's queer adjudication of the case, which condemned the Appellant to markedly injury and error of law or mountainous miscarriage of justice. [**Hugger v. the Rutherford Institute,** 63 Fed.App. 683, unpublished (4th Cir. 2003)] The Court's relevant excerpt underscored the lower court's calculated deliberate indifference thus jurisprudence thus:

"Holding:
In an unpublished opinion, the Fourth Circuit Court of Appeals reversed the district court's ruling, finding that the district court had violated a decision rule providing that courts should avoid resolution of constitutional issues unless they are essential to the disposition of a case. In this case, the district court had failed to address whether the institute's statements were defamatory under state law before moving on to the public official analysis. The appeals court ruled that state defamation law, which could very well have provided a basis for disposing of the claim, should be considered on remand. [For more on this case, see David Hostetler, "School Cyberlaw, Part 1: Cyberspeech; First Amendment and Defamation," *School Law Bulletin* 34 (Fall 2003): 1–15.]"

ISSUE 7        VIOLATION OF THE FEDERAL TORT CLAIMS ACT ("FTCA") BY JUDGE
               PATTI B SARIS – UNITED STATES' DISTRICT COURT MASSACHUSETTS

SUPPORTING FACTS AND LAW

The manners, with which she adjudicated over the case violated the law. [28 USC Section 2680(h)] The

violation harbinger had always been the State's law and that existed inevitably. [MGLc 258 Section 10]

The excerpts read thus:

"Section 10. The provisions of sections one to eight, inclusive, shall not apply to:—

(a) any claim based upon an act or omission of a public employee when such employee is exercising due care in the execution of any statute or any regulation of a public employer, or any municipal ordinance or by-law, whether or not such statute, regulation, ordinance or by-law is valid;
(b) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused;

(c) any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations; ..."

ISSUE 8    INITIAL ADJUDICATION AND DEPRIVATION OF THE APPELLANT "STAUTE GIVING ALL CITIZENS THE RIGHT TO FEDERAL COURT ACCESS"

**SUPPORTING FACTS AND ARGUMENT**

The strange dismissal of the case in the face of probative evidence or strict liabilities associated with the Appellee's conducts cementing the sub-head. Given that its invocation was pivotal to violations of Massachusetts' law, factly, nothing could be farther from the truth. [MGLc 12 Sections 11H-11J; MGLc 151B; MGLc 265 Sections 37 and 39] The sub-head's excerpts would be useful and helpful thus:

**"Title 28 United States Code section 1343.** The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42:

(2) To recover damages from any person [including federal judges, or the federal government] who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights."

ISSUE 9    VIOLATIONS OF THE APPELLANT'S CIVIL RIGHTS

**SUPPORTING FACTS AND ARGUMENT**

Page **4** of **7**

That was irrefutable and probative evidence existed superfluously. [42 USC Section 1981-86]

### ISSUE 10  INTERFERENCE WITH THE APPELLANT'S "LIBERTY OF CONTRACTS"

SUPPORTING FACTS AND ARGUMENT

The first Appellee was not a State or a municipality for the purpose of 14th Amendment; but it was a cousin to the Fifth Amendment – what existed in the 14th Amendment - equally existed under the Fifth Amendment to a reasonable extent. In essence, they were chalk and cheese or cousins.

### ISSUE 11  PHANTASMAGORICAL JUDICIAL IMMUNITY

SUPPORTING FACTS AND ARGUMENT

Nobody with conscience would originate such a sophism. [Article III Section 2; Mass. Const. Art. VI] The originators knew not the meaning of <u>self</u> and re-definition of <u>self</u> as a continuum. It had no legal basis or source whatsoever! Public policy was not amongst the credible sources of the law. A couple of excerpt associated with "Constitutional Rights" underscored that panoramically intelligently thus:

"Acts in excess of judicial authority constitutes misconduct, particularly where a judge deliberately disregards the requirements of fairness and due process." [*Cannon v. Commission on Judicial Qualifications*, (1975) 14 Cal. 3d 678,a 694]

"Society's commitment to institutional justice requires that judges be solicitous of the rights of persons who come before the court." [*Geiler v. Commission on Judicial Qualifications*, (1973) 10 Cal. 3d 270, 286]

"No man in this country is so high that he is above the law. No officer of the law may set that law at defiance, with impunity. All the officers of the government, from the highest to the lowest, are creatures of the law are bound to obey it." [*U.S. v. Lee*, 106 U.S. 196, 220 1 S. Ct. 240, 261, 27 L.Ed 171 (1882)]

### ISSUE 12  VIOLATION OF THE ANTI-TRUST LAW [15 USC SECTION 1]

SUPPORTING FACTS AND ARGUMENT

The publication would not be dissociated from the head. One day, an Assistant Corporation Counsel of the City of Boston, whom the Appellant worked for as a [substitute] teacher, brought Jay Leno's lampoon of the Appellant in his Night Show to his attention, in a hostile manner. The employment was terminated without a grain of reason. Indeed, association of the employment termination with *but for* doctrine and the publication would not be irresponsible. That underscored the sub-head; its excerpt would be useful thus:

"Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court."

**ISSUE 13        MISCELLANEOUS ISSUES RELEVANT TO DEFAMATION**

**SUPPORTING FACTS AND ARGUMENT**

Time did not permit the Appellant to particularize on "False in a Material Way," "Statement v. Opinion," "Negligent Publication," "Clear and convincing evidence" amongst others. [*Milgroom v. News Group Boston, Inc.*, 412 Mass. 9, 12-13 (1992); *Jones v. Taibbi*, supra; *Thompson v. Boston Publishing Co.*, 285 Mass. 344, 348-349 (1934); *Appleby v. Daily Hampshire Gazette*, 395 Mass. 32, 36-37 (1985); *Schottman v. Barnicle*, 386 Mass. 627, 641 (1982)]

**RELIEVES REQUESTED**

Firstly, the Appellant would pray the Court in Hannah-like manners for adequate compensatory damages as had been the practice vis-à-vis the strict liabilities unlawful conducts of the Appellees. Secondly, the Appellant would like the first Appellee to *retract* the unjust publication in her two consecutive Fridays and Sundays publications. On the second Appellee, the Appellant would like a letter of apology from her. She really intentionally condemned the Appellant to Chernobyl-like nuclear weapon of miscarriage of justice.

**5        PRIOR APPEALS (APPELLANTS/PETITIONERS ONLY)**

**A        "HAVE YOU FILED OTHER CASES IN THIS COURT?"**

The answer will be yes!

**B        "IF YOU CHECKED YES, WHAT ARE THE CASE NAMES AND DOCKET NUMBERS FOR THOSE APPEALS AND WHAT WAS THE ULTIMATE DISPOSITION OF EACH?**

The Appellant had not the information about his previous cases with the Court handy – the name and docket numbers. However, the ultimate dispositions by and large violated the law. [MGLc 12 Sections 11H-11J; MGLc 151B; MGLc 249 Section 9; MGLc 258 Section 10; 28 USC Sections 1343(2), 1346(b), 1361 and 2680(h)] The Appellant would be afraid, he was characteristically condemned to miscarriage of justice devoid of the necessary parties even making a single sheet submission to the Court and it appeared like *anticipatory breach of contract* rather deprivation of Equal Protection and Due Process Clauses.

Respectfully submitted on Friday – May 31st – 2012

*[signature]*

CHUKWUMA E AZUBUKO
P O Box 171121  Boston – MA 02117  Telephone (617) 265 6291

Page **6** of **7**

**CERTIFICATE OF SERVICE**

I certify that on Friday – June 1st – 2012 I served a copy of this Informal Brief on all parties addressed as shown below:

Rupert Murdoch & News America Corporation
d/b/a The Boston Herald
70 Fargo Street
Boston – MA 02210 and

United States' Attorney General
United States' Department of Justice
950 Pennsylvania Avenue – NW
Washington DC 20530-0001


CHUKWUMA E AZUBUKO
*Ut supra*

C E Azubuko Eey
P O Box 171121
Boston — MA 02117

The Clerk
U S Court of Appeals
Fourth Circuit
100 East Main Street #501
Richmond — VA 23219



JUN 05 2012

U.S. MARSHALS

U.S. POSTAGE PAID
DORCHESTER, MA
02125
JUN 01 12
AMOUNT
$0.85
0001787207